UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 12-10027-WGY |
| | ) | |
| (1)   AMIE ARESTANI; | ) | |
| (2)   RUDY AVALOS; | ) | |
| (3)   DENNIS R. BRADY, JR.; | ) | |
| (4)   ADOLFO CASTILLEJA, | ) | |
|         A/K/A "RUDY"; | ) | |
| (5)   DAVID GURULE; | ) | |
| (6)   CARL LINDSTROM; AND | ) | |
| (7)   STACY DEVANNEY; | ) | |
|         Defendants. | ) | |

## RESTRAINING ORDER

**YOUNG, D.J.,**

Upon consideration of the United States' Motion for Post-Indictment Restraining Order, and pursuant to 21 U.S.C. § 853(e)(1)(A), as incorporated by 18 U.S.C. § 982(b)(1), the Court finds and rules as follows:

1. On March 22, 2012, a federal grand jury sitting in the District of Massachusetts returned a five-count Superseding Indictment charging Amie Arestani, Rudy Avalos, Dennis R. Brady, Jr., Adolfo Castilleja, a/k/a "Rudy", David Gurule, Carl Lindstrom, and Stacy Devanney (the "Defendants") with Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine, in violation of 21 U.S.C. § 846 (Count One), and charging certain Defendants with Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Two) and Money Laundering and Aiding and Abetting, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2 (Counts Three through Five).

2. The Superseding Indictment also included a forfeiture allegations providing notice that:

    a. upon conviction of any offense in violation of 21 U.S.C. § 846, as alleged in Count One of the Superseding Indictment, the Defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853, jointly and severally, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense; and

    b. upon conviction of any offense in violation of 18 U.S.C. § 1956, as alleged in Counts Two through Five of the Superseding Indictment, certain Defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 982, jointly and severally, any property, real or personal, involved in such offense, or any property traceable to such property.

As set forth in the Superseding Indictment, the forfeitable property includes, but is not limited to:

    (a) the real property more particularly described as Lot 420 of Tract No. 5506 in the City of Hesperia, County of San Bernardino, State of California, as per map recorded in Book 67, pages 15-23, inclusive of Maps, records of said County

    Parcel ID: 0411-421-04;

    (b) the real property more particularly described as Lot 142 of Tract No. 5581 in the City of Hesperia, County of San Bernardino, State of California, as per map recorded in Book 67 pages 63-74, inclusive of Miscellaneous Maps, in the Office of the County Recorder of San Bernardino County

    Parcel ID: 0398-177-17; and

    (c) the real property more particularly described as the north one-half of Lot 140, Tract 4608, Western Woods of Hesperia, Unit No. 2, as per map recorded in Book 57 of Maps, Pages 100-102, inclusive, records of San Bernadino County, California

    Parcel ID: 0414-122-52-0,

(collectively, the "Real Properties").

3. The United States has moved for a restraining order pursuant to 21 U.S.C. § 853(e)(1)(A), as incorporated by 18 U.S.C. § 982(b)(1), to preserve the *status quo* and to

prevent the Defendants and all other persons with notice of this Order from removing, transferring, dissipating, alienating, encumbering, or otherwise disposing of the Real Properties.

4.      There is reasonable cause for entry of this Order. The Superseding Indictment has established probable cause that the Real Properties would be subject to forfeiture to the United States upon the Defendants' convictions. The Court further concludes that a Restraining Order is necessary to preserve the availability of the Real Properties for forfeiture in the event of the Defendants' convictions.

It is hereby ORDERED that this Restraining Order issue with respect to the Real Properties.

It is further ORDERED that the Defendants, their agents, servants, employees, attorneys, family members, all other persons in active concert or participation with them, and those persons, financial institutions, or other entities who have any possession, interest or control over the Real Properties subject to this Order, shall not, without prior approval of this Court, upon notice to the United States and an opportunity for the United States to be heard:

- a) alienate, dissipate, transfer, sell, assign, lease, pledge, encumber, or dispose of the Real Properties, in any manner, directly or indirectly;

- b) cause the Real Properties to be alienated, dissipated, transferred, sold, assigned, leased, pledged, encumbered, or disposed of in any manner; or

- c) take, or cause to be taken, any action which could have the effect of concealing the Real Properties, removing the Real Properties from the jurisdiction of this Court, or damaging, depreciating, or diminishing the value of, the Real Properties.

The Defendants are hereby placed on notice that if any of the Real Properties are transferred, dissipated, or disposed of by any means, and without approval of this Court, the

Court may require the Defendants to account to the Court for the disposition and location of the Real Properties and any proceeds traceable thereto.

It is further ORDERED that the owner(s) of the Real Properties are required to maintain the present condition of the Real Properties, including timely payment of all mortgage payments, insurance, utilities, taxes, and assessments until further order of this Court.

It is further ORDERED that anyone holding a mortgage or lien on the Real Properties shall respond promptly to requests by the United States for information on said mortgage or lien's current status.

The United States, or its agents, shall serve this Order upon the Defendants and shall provide due notice of the Order to other persons and entities subject to the Order.

It is further ORDERED that such persons and entities, upon receipt of such notice, which may be provided by facsimile transmission, shall fully comply with the terms of this Order immediately upon such receipt.

This Order shall remain in effect until further order of the Court. *A hearing will be held in Courtroom 18, United States Courthouse, Boston at 2:00 pm on Friday, April 6, 2012 to determine whether this restraining order ought remain in effect.*

APPROVED AND SO ORDERED:

*/s/ William G. Young*
WILLIAM G. YOUNG
United States District Judge
Date: *March 24*, 2012

4